IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED
AUG 16 2010
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:10cv405 |
| ) | |
| DENNIS OWENS ) | |
| Virginia Beach, Virginia, ) | |
| ) | |
| NORMA OWENS ) | |
| Virginia Beach, Virginia, ) | |
| ) | |
| and ) | |
| ) | |
| CHASE HOME FINANCE, LLC ) | |
| Columbus, Ohio, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR FEDERAL TAXES

The United States of America complains as follows:

1. This is an action in which the United States seeks to reduce to judgment federal tax assessments against defendant Dennis Owens, to foreclose federal tax liens arising out of those tax assessments, and to obtain an order of sale of certain real property that Mr. Owens owns.

## JURISDICTION & VENUE

2. The Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, authorized and requested this action, and

this action is brought at the direction of the Attorney General of the United States under the authority of 26 U.S.C. §§ 7401 and 7403.

3. Jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1340 and 1345 and by 26 U.S.C. §§ 7402 and 7403.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1396.

## PARTIES

5. Plaintiff is the United States of America.

6. The real property located at 1744 Rexton Street in Virginia Beach, Virginia (the "Real Property"), forms a substantial basis for this action and it is within this judicial district.

7. Defendant Dennis M. Owens ("Mr. Owens") resides within this judicial district.

8. Defendant Norma Owens ("Mrs. Owens") resides within this judicial district and may claim an interest in the Real Property by virtue of a deed dated July 25, 1990, wherein she was a grantee along with Mr. Owens.

9. Defendant Chase Home Finance LLC ("Chase") may claim an interest in the Real Property by virtue of a Deed of Trust recorded on December 30, 1993 with the Clerk of the Circuit Court of Virginia Beach, Virginia, in the original amount of $102,200, wherein the original beneficiary was First Bancorp Mortgage Corporation.

## COUNT I:
## REDUCE TAX ASSESSMENTS TO JUDGMENT

10.     The allegations set forth in paragraphs 1 through 9 are realleged and incorporated by reference as if fully set forth herein.

11.     The Commissioner of Internal Revenue (the "Commissioner"), a delegate of the Secretary of the Treasury of the United States, assessed federal income taxes, penalties, and interest against Mr. Owens in connection with the periods, on the dates, and in the amounts set forth below:

| Tax Period Ending | Assessment Date | Amount Assessed |
| --- | --- | --- |
| December 31, 1995 | December 18, 2000 | $42,958.34 |
| December 31, 1996 | December 25, 2000 | $37,255.10 |
| December 31, 1998 | December 4, 2000 | $33,898.28 |
| December 31, 1999 | March 18, 2002 | $43,672.60 |
| December 31, 2000 | March 4, 2002 | $41,199.63 |
| December 31, 2003 | February 11, 2008 | $43,869.05 |
| December 31, 2005 | March 17, 2008 | $29,179.64 |
| December 31, 2006 | March 31, 2008 | $28,603.98 |
| December 31, 2007 | May 26, 2008 | $24,284.94 |

12.     The Internal Revenue Service ("the Service") gave Mr. Owens proper notice and demands for payment of the tax assessments in accordance with 26 U.S.C. § 6303.

13.     Statutory additions, penalties, interest, and costs have accrued and will continue to accrue on the tax assessments according to law.

14. Mr. Owens has failed to pay the United States the full amount owed as a result of the tax assessments.

15. As of June 30, 2010, Mr. Owens owed the United States $395,862 in connection with the tax assessments identified above in paragraph 11.

## COUNT II:
## FORECLOSE FEDERAL TAX LIENS

16. The allegations contained in paragraphs 1 through 15 are realleged and incorporated by reference stated as if fully set forth herein.

17. As a result of the assessments identified above in paragraph 11, tax liens in favor of the United States arose and attached to all property and rights to property then owned or thereafter acquired by Mr. Owens, including the Real Property.

18. The Service filed notices of federal tax lien in connection with the assessments identified above in paragraph 11 with the Clerk of the Circuit Court for the City of Virginia Beach, Virginia, including the following:

| Tax Period Ending | Notice of Lien Filed |
|---|---|
| December 31, 1995 | June 18, 2001 |
| December 31, 1996 | June 18, 2001 |
| December 31, 1998 | June 18, 2001 |
| December 31, 1999 | January 14, 2004 |
| December 31, 2000 | January 14, 2004 |
| December 31, 2003 | May 30, 2008 |

| December 31, 2005 | May 30, 2008 |
|---|---|
| December 31, 2006 | May 30, 2008 |
| December 31, 2007 | August 4, 2008 |

19. On July 25, 1990, Mr. and Mrs. Owens acquired title to the Real Property.

20. The Real Property was and is situated at a location commonly known as 1744 Rexton Street in Virginia Beach, Virginia. The deed on file with the Circuit Court for the City of Virginia Beach particularly describes the Real Property as follows:

> ALL THAT certain lot, piece or parcel of land, with the buildings and improvements thereon and the appurtenances thereunto belonging, lying, situate and being in the City of Virginia Beach, Virginia, being known, numbered and designated as Lot 12, Block G, as shown on that certain plat entitled "Subdivision of OCEAN LAKES, Phase One- Section One, Princess Anne Borough, Virginia Beach, Virginia", which said plat is duly recorded in the Clerk's Office of the Circuit Court of the City of Virginia Beach, Virginia, in Map Book 2458, at pages 2189 through 2194.
>
> IT BEING a part of the same property conveyed unto the Grantor herein by deed of Gallagher Construction Corp., a Virginia corporation, dated September 10, 1986, and recorded in the aforesaid Clerk's Office in Deed Book 2541, at page 2128.

21. At the time of the tax assessments identified above in paragraph 11, Mr. Owens and Mrs. Owens owned the property jointly.

22. The United States has valid and subsisting federal tax liens that attached to Mr. Owens' interests in the Real Property.

23. The United States is entitled to foreclose its liens which attached to Mr. Owens' interests in the Real Property based on the assessments identified above in

paragraph 11, to have the Real Property sold, and to collect proceeds from the sale to pay toward Mr. Owens' unpaid federal tax liabilities.

24. Mrs. Owens may claim an interest in the Real Property by virtue of a deed dated July 25, 1990, wherein she was a grantee along with Mr. Owens.

25. Chase may claim an interest in the Real Property by virtue of a Deed of Trust recorded on December 30, 1993 with the Clerk of the Circuit Court of Virginia Beach, Virginia, in the original amount of $102,200, wherein the original beneficiary was First Bancorp Mortgage Corporation.

WHEREFORE, the Plaintiff, the United States, prays that this Court:

A. As to Count I, order, adjudge, decree and declare that Mr. Owens is indebted to the United States in the amount of $395,862 for the income tax, penalty, and interest assessments related to the 1995, 1996, 1997, 1998, 1999, 2000, 2003, 2005, 2006, and 2007 tax years, plus all statutory additions which have accrued since June 30, 2010, and will continue to accrue on said amount until fully paid;

B. As to Count II, order, adjudge, decree, and declare that the United States has valid and subsisting federal tax liens on all property and rights to property belonging to Mr. Owens on the date of the tax assessments identified in paragraph 11 above or thereafter acquired, including the Real Property;

C. Foreclose the federal tax liens against Mr. Owens' interests in the Real Property;

D. Order, adjudge, decree and declare that the Real Property be SOLD and that the proceeds from the sale be DISTRIBUTED as follows: first, to reimbursement of the costs of the sale; second, to the parties to the extent they have an interest in the Real Property with the proceeds attributable to Mr. Owens' interests paid to the United States to be applied toward his tax liabilities;

E. Award to the United States its costs of prosecuting this action; and

F. Order such further relief as the Court deems to be just and equitable.

DATED: 8/16/2010.

By: _____
Joel E. Wilson
Assistant United States Attorney
Virginia State Bar No. 71701
Attorney for the United States of America
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
757- 441-6331 Office
757-441-6689 Fax
joel.wilson@usdoj.gov

JOHN A. DiCICCO
Acting Assistant Attorney General

_/s/ Christopher D. Belen_

CHRISTOPHER D. BELEN
Virginia State Bar No. 78281
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-2089
Facsimile: (202) 514-6866
Email: Christopher.D.Belen@usdoj.gov